UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL BUREAU OF INVESTIGATION, ET AL., | No. C-07-01876 PJH (JCS) |
| Petitioners, | **ORDER GRANTING MOTION TO QUASH STATE COURT SUBPOENAS AND VACATE STATE COURT ORDER** |
| v. | **[Docket No. 9]** |
| SUPERIOR COURT OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

## I. INTRODUCTION

Petitioners Federal Bureau of Investigation ("FBI"), FBI Special Agent Joan Linehan, and Assistant United States Attorney ("AUSA") Kim bring a "Motion to Quash State Court Subpeona and Vacate State Court Order; or, Alternatively, for Leave of Court to Bring Such Motion" (the "Motion"), seeking to quash two state court subpoenas compelling Agent Linehan to testify and to vacate a state court order compelling Agent Linehan to testify and both Agent Linehan and AUSA Kim to produce information. Petitioners assert that, in the current procedural posture, the state court was without jurisdiction to enforce process against these employees of the Department of Justice ("DOJ") because of: 1) the lack of authorization from the DOJ to provide the requested information as required by the applicable Department disclosure regulations; and 2) the doctrine of sovereign immunity. The Motion came on for hearing on Friday, August 10, 2007, at 1:30 p.m. Melanie Proctor appeared on behalf of the Petitioners, Jon P. Rankin appeared on behalf of Mario Hammonds, and Jack Ryder appeared on behalf of Real Party in Interest the People of the State of California. For the reasons stated below, the Motion is GRANTED.

## II. BACKGROUND

### A. Facts

This matter stems from a state criminal action, *People of the State of California v. Mario Hammonds,* case number SC139666A, currently pending in Marin County Superior Court. Declaration of Letitia R. Kim in Support of Motion to Quash Subpoena and Vacate State Court Order; Or Alternatively, for Leave of Court to Bring Such Motion ("Kim Decl."), Ex. E (Information SC13966A) at 1. Neither the FBI, Agent Linehan, nor AUSA Kim are parties to that state court proceeding in which the People of the State of California (the "People"), through the Marin County District Attorney's Office, are prosecuting defendant Hammonds for felony burglary-grand theft, check fraud, and receiving stolen property. *See* Kim Decl., Ex. E (Information SC13966A) at 1-2. The charges filed against Hammonds derive from his alleged attempted use of fraudulent checks and false/stolen personal identification at the Nordstrom's department store in Corte Madera in January of 2005. *Id* at 1. In his defense, Hammonds asserted that he engaged in this felonious activity as part of his duties as a confidential informant for the FBI. Declaration of Jack G. Ryder in Support of the People's Response to Motion to Quash Subpoena ("Ryder Decl.") at 2. Pursuant to this defense, Hammonds sought discovery of information in the possession of the FBI demonstrating his confidential informant status and the connection between that status and the offenses at issue. *Id.* at 2.

Specifically, in November of 2006, Hammonds' attorney issued a subpoena ordering FBI agent Linehan to appear in court to offer testimony in that regard. Kim Decl. at 1. In response to this subpoena, AUSA Kim wrote a letter to Hammonds' attorney on November 7, 2006, stating that Agent Linehan would not appear in court given that the DOJ had not authorized her do so, Hammonds had not established the relevance of Agent Linehan's testimony, and the subpoena had been improperly served. Kim Decl., Ex. B (Letter re: Subpoena in *People v. Hammonds*) at 1. Kim also noted that, pursuant to 28 C.F.R. § 16.22, the DOJ "considers whether disclosure is appropriate under the applicable procedural rules and substantive law concerning privilege," and specified that "disclosure will not be authorized if it would violate a statute, rule or regulation; reveal a

2

confidential source; reveal investigatory records compiled for law enforcement purposes; or disclose investigative techniques and procedures." *Id*. According to Kim, these concerns were implicated by the subpoena request. *Id*.

On March 22, 2007, Kim received a second subpoena, issued by the Marin County Deputy District Attorney prosecuting Hammond's case, directing Agent Linehan to appear in Marin County Superior Court. Kim Decl., Ex. C (Subpoena) at 1. AUSA Kim also received a court order from Marin County Superior Court Judge Michael B. Dufficy, dated March 20, 2007, requiring that Agent Linehan, or another FBI representative, appear to provide testimony and that both Kim and Agent Linehan provide FBI documents relevant to Mr. Hammond's defense.[1] Kim Decl., Ex. D (Order for Request for Discovery Order) at 2.

On March 29, 2007, AUSA Kim responded with a letter to Judge Dufficy stating that Agent Linehan would not appear to testify in court nor would she or Kim provide the requested documents. Kim Decl. Ex. F (Letter re: Subpoena in *People v. Hammonds*) at 1. Kim's letter also stated that the FBI would be willing to sign a stipulation declaring that they have no responsive documents. *Id*. Kim's letter requested that the court vacate the order and stated that the matter would be removed to federal court if the court did not comply with that request. *Id*. at 3. Kim received no response to this letter and the order was not vacated. Kim Decl. at 2. Consequently, on April 3, 2007, Kim and Linehan removed Judge Dufficy's order and the two subpoenas issued to Agent Linehan to this District Court pursuant to 28 U.S.C. §§ 1441 and 1442(a) on the grounds that: 1) the FBI, Agent Linehan, and AUSA Kim are agents and/or employees of the federal government; and 2) the order

---

[1] The order required Petitioners to provide the following:

> "(1) the nature and scope of any agreement(s) between the defendant and federal law enforcement agencies to perform work as a confidential informant in any capacity on or before the offense dates . . . (2) The name(s), subpoena addresses, and investigative reports of all federal law enforcement agents who participated in any confidential operations of any kind involving defendant Hammonds on or before those dates. (3) All information in the possession of federal investigative agencies as to any promises, benefits, or inducements extended to the defendant in return for his cooperation with law enforcement, on or before the [offense] dates. . . ."

Kim Decl., Ex. D at 1-2.

3

and subpoenas involve a federal question which the federal government has the right to have decided by a federal court. Notice of Removal at 2.

The DOJ has not authorized Agent Linehan or AUSA Kim to appear to testify or produce any documents in the state court action. Kim Decl. at 2. Consequently, Defendant Hammonds filed a motion to dismiss the charges against him on the grounds that the denial of his discovery request constitutes a violation of his due process and fair trial rights as established by *Brady v. Maryland*, 373 U.S. 83 (1963) and provisions of the Cal. Evid. Code § 1042(d). Ryder Decl. at 3. Hammonds' motion is pending in Marin County Superior Court. Ryder Dec. at 3.

### B. Procedural History

Petitioners brought this Motion requesting that the court quash the state court subpoenas and vacate the state court order. Notice of Motion and Motion to Quash State Court Subpoena and Vacate State Court Order; or, Alternatively, for Leave of Court to Bring Such Motion at 1. On May 18, 2007, Judge Hamilton referred this matter to a Magistrate Judge for resolution pursuant to Civil Local Rule 72-1, which authorizes each Northern District magistrate judge "to exercise all powers and perform all duties conferred upon Magistrate Judges by 28 U.S.C. § 636." Order of Reference to Magistrate Judge; Civ. L. R. 72-1. On May 21, 2007, this matter was assigned to the undersigned magistrate judge.

Petitioners argue two grounds for granting the Motion. First, the doctrine of sovereign immunity precludes a state court from enforcing orders and subpoenas against federal employees. *Id*. Second, the DOJ regulations set forth in 28 U.S.C. §§ 16.21 *et seq*. validly prohibit DOJ employees from disclosing the information sought by Real Party in Interest absent explicit authorization by the proper Department official.[2] *Id.*

---

[2] The relevant section of the DOJ regulations is 28 C.F.R. § 16.22(a) which provides that:

> In any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that persons official duties or because of that person's official status without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part.

4

The People argue that neither the doctrine of sovereign immunity nor the DOJ regulations can serve as the basis for precluding the enforcement of the subpoenas and court order in light of the Constitutional right to Due Process and a fair trial guaranteed to defendants in criminal proceedings established by *Brady v. Maryland*, 373 U.S. 83 (1963).  People's Response to Motion to Quash Subpoena at 3-4.  The People are also concerned that, without the requested information, the state court will grant Hammonds' motion to dismiss the charges against him pursuant to California Evidence Code § 1042(d), which stipulates that dismissal is appropriate upon non-disclosure of the identity of a confidential informant if "the court concludes that there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial."  Cal Evid. Code § 1042(d).  According to the People, in refusing to authorize Agent Linehan or AUSA Kim to provide the requested information the FBI is essentially claiming a privilege against the disclosure of its records.  People's Response to Motion to Quash Subpoena at 4-5.  Therefore, the People argue, the present matter must be determined based on a balancing test weighing the DOJ's interest in preserving the confidentiality of law enforcement information against Hammonds' constitutional right to discovery as a criminal defendant as well as the People's interest in prosecuting alleged felons.  *Id.* at 7.  The People submit that the proper method for balancing these competing interests is for this district court to conduct an *in camera* hearing at which the FBI would be required to demonstrate that its interests in maintaining the confidentiality of the requested information are sufficiently compelling to warrant non-disclosure.  *Id.* at 5.

## III. ANALYSIS

The present matter presents an important issue: "how, if at all, may a defendant [and the state who is prosecuting him] in a state criminal prosecution obtain from unconsenting federal officials [testimony and] documentary information in their custody that may be material and favorable to his state court defense?"  *Smith v. Cromer*, 159 F.3d 875, 883 (4th Cir. 1998) (Phillips, J., dissenting).  This issue consists of two related, yet distinct, sub-issues.  First, can this court compel Agent Linehan and AUSA Kim, two subordinate DOJ employees, to submit to a discovery

---

28 C.F.R. § 16.22(a).

5

request in the state court prosecution of defendant Hammonds without the approval of the proper DOJ official, irrespective of the justification for the lack of approval?  Second, was the proper DOJ official's decision not to authorize Linehan and Kim to disclose the requested information justified in light of Hammonds' constitutionally guaranteed due process rights?  The first sub-issue is jurisdictional; the second implicates the scope of the DOJ's privilege to withhold information from the public and, thus, requires a balancing of the DOJ's interest in non-disclosure against the interests of Hammonds and his state prosecutor in having the information disclosed.

The Court concludes that it is jurisdictionally limited to an examination of the first sub-issue and cannot reach the second.  The Court, like the state court, lacks the authority to enforce the state subpoenas or the court order against Agent Linehan and AUSA Kim.  Linehan and Kim were acting in accordance with the decision of their superior pursuant to validly promulgated DOJ regulations governing disclosure when they refused to submit to the state court discovery process.  As such, the state court lacked jurisdiction to enforce the subpoenas or issue its order in light of both sovereign immunity and the applicable DOJ regulations governing disclosure of information by its employees.  Because its jurisdiction on removal is derivative of the state courts, this Court cannot enforce the subpoenas and they must be quashed and the state court order compelling production vacated.

### A.  The present matter was properly removed to this Court pursuant to 28 U.S.C. § 1442(a)

Petitioners cite both 28 U.S.C. § 1441 and 28 U.S.C. § 1442(a) as grounds for their removal of this matter to this district court.  Notice of Removal.  28 U.S.C. § 1441 governs "actions removable generally," while 28 U.S.C. § 1442 governs removals in cases involving "federal officers or agencies [being] sued or prosecuted."  Because these sections serve different purposes and receive different constructions from the courts, removal was proper only with respect to § 1442(a).

**1. 28 U.S.C. § 1441 does not provide a basis for removal of the present matter to this Court**

28 U.S.C. § 1441 provides that certain "civil actions" commenced in state courts can be removed to a federal court if they could have been originally filed in a federal court.[3] 28 U.S.C. § 1441; 16 Moore's Federal Practice, § 107.15[1][b][iii](Matthew Bender 3d. ed). The Ninth Circuit has held that this section must be "strictly construe[d] . . . against removal jurisdiction." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Thus, a district court is precluded from exercising jurisdiction "if there is any doubt as to the right of removal in the first instance," *id.*, and "any doubts as to the right of removal must be resolved in favor of remanding to the state court." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d at 566). 28 U.S.C. § 1441 is also subject to the well-pleaded complaint rule. *Id.* According to that rule, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law. *Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145 (2006).

In light of the strict construction of § 1441, the present matter is not removable pursuant to this section. First, the Federal Rules provide that a "civil action" is commenced by filing a complaint with the court. Fed. R. Civ. Proc. at 3. There has been no civil complaint filed against Petitioners, nor are they parties to the underlying criminal action from which the present matter derives. Kim Decl. at 1-2. Rather, the parties are simply removing two state court subpoenas and a state court order seeking to compel petitioners as third parties to submit to the state discovery process. Notice of Removal at 2. Accordingly, this is technically not a "civil action." Similarly,

---

[3] 28 U.S.C. § 1441 provides, for example, that:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . .

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a), (b).

7

given that no complaint has been filed against Petitioners, the present matter cannot satisfy the well-pleaded complaint rule.  Consequently, were 28 U.S.C. § 1441 the only removal statute cited by Petitioners, this Court would remand the matter to the Marin County Superior Court.  *See Ferrell v. Yarberry*, 848 F. Supp. 121, 122 (E.D. Ark. 1994) (implying that state court subpoena of third party federal employees was removable pursuant to § 1442(a) but not § 1441).

### 2. 28 U.S.C. § 1442(a) authorizes removal of the present matter to this Court

Petitioners properly removed the present matter to this Court pursuant to 28 U.S.C. § 1442(a) in light of the fact that, unlike under § 1441, a "civil action" under § 1442(a) is broadly construed to include any actions against third-party federal employees.

28 U.S.C. § 1442(a) provides, in part, that:

> [a] civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:  (1) the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a).  Although on its face this section requires that a "civil action" or "criminal prosecution" be commenced against a federal officer, it does not receive that limited construction.  The Supreme Court has held that federal officer removal is an "incident of federal supremacy," the underlying purpose of which is to provide "federal officers . . . [with] the protection of a federal forum" in which to raise "defenses arising from their official duties." *Willingham v. Morgan*, 395 U.S. 402, 405, 407 (1969); *see also Swett*, 792 F.2d at 1450.  Accordingly, "[t]his policy should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Willingham*, 395 U.S. at 407.  Furthermore, according to the Ninth Circuit, "[t]he form of the action is not controlling; it is the state's power to subject federal officers to the state's process that § 1442(a)(1) curbs." *Nationwide Investors v. Miller,* 793 F.2d 1044, 1047 (9th Cir. 1986).  Thus, "the right of removal is absolute for

8

conduct performed under color of federal office" where the federal officer raises a "colorable defense" arising out of her official duties. *Swett*, 792 F.2d at 1450.

In the present matter, the state court sought to compel Linehan and Kim to participate in the state court proceeding by providing information regarding the defendant's role as a confidential FBI informant. Kim Decl., Exs. C, D. Thus, this action involves federal employees "threatened with the state's coercive power" while acting within the scope of their duties. *Nationwide Investors,* 793 F.2d at 1046. Accordingly, the present matter is properly before this Court. *See id.* (holding that state court subpoena order directed at Air Force employee fell within the "broad category of actions 'brought against' a federal officer" and that Air Force employee properly removed matter to district court); *Swett*, 792 F.2d at 1450 (holding "[i]t is clear that a contempt action against a federal official for failure to comply with a state court order . . . is a distinct action which may be removed); *Guidry*, 834 F.2d at 1469 n.4 (stating that because § 1442(a) "confers removal jurisdiction . . . in all situations in which federal officers can raise a colorable defense arising out of the exercise of their duties . . . it avoids the extraordinarily difficult problem of ascertaining a basis for removability in those state court actions in which no federal officers are involved as defendants"); *Smith,* 159 F.3d at 879 (affirming ruling quashing state court subpoenas issued to third-party DOJ employees who removed matter to district court); 16 Moore's Federal Practice, § 107.15[1][b][iii] (Matthew Bender 3d ed. ("Federal officers that are not named as parties may remove actions [under 1442(a)(1)] that interfere with the performance of their duties.")

### B. The doctrine of derivative jurisdiction limits the jurisdiction of this court in the present matter

Although the present matter has been properly removed to this court pursuant to 28 U.S.C. § 1442(a), the Court must nonetheless determine the scope of its jurisdiction in the matter. The decisive issue is whether the doctrine of derivative jurisdiction is applicable to § 1442(a) removal actions, and, thus, limits the scope of this court's jurisdiction to the jurisdiction that it derives from the state court. Ultimately, despite somewhat confusing precedent, an analysis reveals that derivative jurisdiction is applicable to removal actions under § 1442 in the Ninth Circuit.

Accordingly, because this Court's jurisdiction is wholly derived from the state court, it must quash the state court subpoenas and vacate the order unless the state court was authorized to issue them.

According to the doctrine of derivative jurisdiction, "a federal court [is] without jurisdiction over a suit removed to it from a state court if the state court from which it was removed lacked subject matter jurisdiction, even though the federal court would have had jurisdiction had the suit been brought there originally." *Beeman v. Olson*, 828 F.2d 620, 621 (9th Cir. 1987). Thus, if the state court lacks jurisdiction over a given matter, the case is a "nullity when filed and 'a fortiori, the district court acquired no subject matter jurisdiction over those claims upon removal.'" *Bermudez v. HUD*, 84 F. Supp. 2d 1094, 1095 (C.D. Cal. 2000) (quoting *Guidry v. Durkin*, 834 F.2d 1465, 1473-74 (9th Cir. 1987)). Prior to a 1986 Congressional amendment it was clearly established that this doctrine applied to § 1442(a) removals. *See Guidry*, 834 F.2d at 1449; *Beeman*, 828 F.2d at 621; *Arizona v. Manypenny,* 451 U.S. 232, 242 (1981).

In 1986, however, Congress amended 28 U.S.C. § 1441, the general removal statute, to include the following language: "The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the state court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1441(e) (subsequently renumbered as § 1441(f)); *Bermudez*, 84 F. Supp. 2d at 1095; *Beeman*, 828 F.2d at 621. The amendment was effective for all actions filed after June 19, 1986. *Bermudez*, 84 F. Supp. 2d at 1095; *Beeman*, 828 F.2d at 621. This language is "crystal clear" and explicitly eliminates the doctrine of derivative jurisdiction for any removal action under 28 U.S.C. § 1441. *Bermudez*, 84 F. Supp. 2d at 1095; *see North Dakota v. Fredericks*, 940 F.2d 333, 336 (8th Cir. 1991).

Although this amendment did not explicitly apply to 28 U.S.C. § 1442, the Ninth Circuit held, at least in dicta, that the new § 1441 provision eliminating derivative jurisdiction was applicable to all removals, including those under §1442. *Guidry*, 834 F.2d at 1449 n. 4 (stating as dicta that "this entire discussion" regarding derivative jurisdiction in a § 1442(a) removal action is "irrelevant to *all such actions* commenced on or after June 19, 1986 (emphasis added)); *Beeman*, 828 F.2d at 621 (stating as dicta that § 1441 amendment would have applied to § 1442(a) removal action before the court except for the fact that action was commenced in state court prior to

10

enactment of amendment); *Bermudez*, 84 F. Supp. 2d at 1096 n.2 (stating that it is "quite clear that removals under § 1442(a)(1) are covered by § 1441(e) if the suits were filed" after enactment of 1986 amendment). The Eighth Circuit likewise interpreted the amendment to § 1441(e) to eliminate derivative jurisdiction for § 1442(a) removal actions. *Fredericks*, 940 F.2d at 337 (holding that "the policy of Congress underlying new § 1441(e) supports the complete abandonment of the derivative jurisdiction theory, even though the words of the statute clearly do not reach this far").

Confusingly, the most recent Ninth Circuit case addressing a § 1442(a) removal, *In re Elko County Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997), resuscitated the doctrine of derivative jurisdiction without addressing the 1986 amendment to § 1441 or the Ninth Circuit's decisions stating that the doctrine had been eliminated for § 1442(a) removals. The court simply stated that "because this case was removed from state court pursuant to § 1442, our jurisdiction is derivative of the state court's jurisdiction." *Id*. As its authority for concluding that derivative jurisdiction applied, the court cited a 1922 Supreme Court case, *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377 (1922), and the Ninth Circuit case *Swett v. Schenk*, 792 F.2d 1447 (9th Cir. 1986). The action at issue in *Lambert Run Coal Co.* was commenced prior to 1986 so that case provides no help in assessing the effect of the 1986 amendment to § 1441. Similarly, the action at issue in *Swett* also commenced prior to June 19, 1986, the date the amendment went into effect, as evidenced by the fact that the case was argued and submitted on December 4, 1985. *Id*. at 1447. Therefore, although it is perhaps curious that the *Swett* court did not at least reference the § 1441 amendment given that the case was decided on June 30, 1986, the amendment was not addressed in that case. *Id*. As such, *Swett* cannot support the proposition that derivative jurisdiction for § 1442 removal actions survived the 1986 amendment to § 1441. Thus, a Central District of California court concluded that the *In re Elko County Grand Jury* court's reliance on derivative jurisdiction was "stray and essentially inexplicable." *Bermudez*, 84 F. Supp. 2d at 1096.[4]

---

[4] The court in *Bermudez* was so adamant that derivative jurisdiction was abolished for a removal action under § 1442 that it stated that Rule 11 sanctions "might be appropriate" against the government for relying on the doctrine in its motion despite the Ninth Circuit's holding in *In re Elko County Grand Jury. Bermudez*, 84 F. Supp. 2d at 1096.

11

Perhaps in response to such lingering confusion as to whether the 1986 amendment of § 1441 eliminating derivative jurisdiction governed § 1442 as well, Congress again amended § 1441 in 2002. At that time, the language inserted as subsection(e) in 1986 was redesignated as subsection (f) and a new subsection (e) was added. Significantly, Congress amended the provision formerly deemed § 1441(e) and now deemed § 1441(f), "replacing 'The court to which such civil action is removed' with the words 'The court to which a civil action is removed *under this section*.'" *Barnaby v. Quintos*, 410 F. Supp. 2d 142, 144-45 (S.D.N.Y. 2005) (citations omitted). As such, § 1441(f) now reads: "The court to which a civil action is removed *under this section* is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1441(f) (emphasis added). Although the Ninth Circuit has not addressed this amendment, this Court agrees with the court in *Barnaby* that "[h]ad Congress intended to abolish derivative jurisdiction altogether, it could have done so when amending § 1441 again in 2002, but it chose to make it clear that the elimination of derivative jurisdiction was limited to cases removed under § 1441." *Barnaby*, 410 F. Supp. 2d at 146. Accordingly, this Court concludes that the doctrine of derivative jurisdiction applies to § 1442 removals and that the *In re Elko County Grand Jury* decision is analytically controlling in the present matter. *See also Bowers v. J & M Discount Towing, LLC,* 472 F. Supp. 2d 1248, 1254-55 (D.N.M. 2006) (noting that "the expansion of jurisdiction that 28 U.S.C. § 1441(b) provides may be limited to cases removed under 28 U.S.C. § 1441" and quoting *Barnaby)*; *Taylor v. United States*, 2006 WL 2037392, *1, 4 (W.D. Ky. July 18, 2006) (holding that doctrine of derivative jurisdiction applies to § 1442 removals); *Moreland v. van Buren GMC*, 93 F. Supp. 2d 346, 355 (S.D.N.Y. 1999) (same). *But see Glorvigen v. Cirrus Design Corp.,* 2006 U.S. Dist. LEXIS 91731, *13 (D. Minn. October 24, 2006) (holding that 2002 amendment to § 1441 did not reflect Congressional intent to restore derivative jurisdiction doctrine as to § 1442 removals and following prior Eighth Circuit precedent holding that after 1986, the doctrine of derivative jurisdiction no longer applies to § 1442).

12

Accordingly, this Court must examine whether the state court from which the present matter was removed had jurisdiction to enforce the state court subpoenas and order. If the state court lacked jurisdiction to enforce the subpoenas and order, they must be quashed.

### C. Marin County Superior Court lacked the jurisdiction to enforce the state subpoenas and court order against Petitioners and the subpoenas must be quashed and the order vacated

The Marin County Superior Court lacked jurisdiction to enforce the subpoenas or order against Petitioners in light of both the DOJ regulations governing the disclosure of information and the doctrine of sovereign immunity. In light of the doctrine of derivative jurisdiction, this Court is likewise unable to compel Petitioners to submit to the state court discovery process and the process issued must be quashed. Although the DOJ does not have an absolute privilege to withhold information from the public, this Court cannot reach the merits of the Real Party in Interest's arguments favoring disclosure at this time.

#### 1. DOJ regulations restricting a subordinate's employee's ability to disclose information in a legal proceeding are valid in light of 5 U.S.C. § 301 and the Supreme Court's decision in *Touhy*

The DOJ's regulations governing the disclosure of information in a legal proceeding are valid in light of 5 U.S.C. § 301 and the Supreme Court's decision in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Accordingly, pursuant to *Touhy*, the state court lacks the authority to compel Agent Linehan and AUSA Kim, two subordinate DOJ officials, to submit to the state subpoenas and order.

5 U.S.C. § 301, generally referred to as the "housekeeping statute," provides that:

> The head of an Executive Department . . . may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property. *This section does not authorize withholding information from the public or limiting the availability of records to the public.*

5 U.S.C. § 301; (emphasis added). The Ninth Circuit has held that "in interpreting § 301, we will not distinguish between subpoenas seeking testimony and documentary evidence." *Exxon Shipping Co. v. United States Dep't of Interior*, 34 F.3d 777, (9th Cir. 1994). Pursuant to this statute, the DOJ promulgated its own internal regulations governing the disclosure of information by its employees in

13

legal proceedings in 28 C.F.R. §§ 16.21, *et seq. Smith*, 159 F.3d at 878. Specifically, 28 U.S.C. § 16.22 establishes the "[g]eneral prohibition of production or disclosure in Federal and State proceedings in which the United States is not a party." 28 U.S.C. § 16.22. Subsection (a) of § 16.22 states that:

> In any federal or state case or matter in which the United States is not a party, no employee . . . of the [DOJ] shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part.

28 U.S.C. § 16.22(a).

The Supreme Court affirmed the validity of such internal regulations in *Touhy* when it upheld "a predecessor to 28 C.F.R. § 16.22(a)." *Smith*, 159 F.3d at 878. Specifically, the Court held that a subordinate federal employee could not be held in contempt for refusing to comply with a court order "in reliance on a validly promulgated regulation to the contrary." *Swett,* 792 F.2d at 1451 (citing *Touhy*, 340 U.S. at 469). In so holding, the Court stated that "the usefulness, indeed the necessity, of centralizing determination as to whether subpoenas duces tecum will be willingly obeyed or challenged is obvious" in light of the range of information contained in a department's files and the potential harm that could result from "unrestricted disclosure in court." *Touhy*, 340 U.S. at 468. The Ninth Circuit has also held that the DOJ's regulation stipulating that subordinate employees cannot disclose information in a court proceeding without approval of the proper DOJ official is valid because it "clearly falls within the terms of the first sentence of " the housekeeping statute 5. U.S.C. § 301. *In re Boeh*, 25 F.3d at 763-64. Furthermore, "any doubt as to the validity of the regulation's requirement of prior approval is foreclosed . . . by the Supreme Court's decision in" *Touhy. In re Boeh*, 25 F.3d 761, 763-64 (9th Cir. 1994).

Thus, there can be no doubt that the regulation relied on by Agent Linehan and AUSA Kim is "validly promulgated and has the force of law." *Swett,* 792 F.2d at 1451. Linehan and Kim are subordinate DOJ employees and are bound by the DOJ's *Touhy* regulations. As such, "without prior approval of the proper Department official," they were not allowed to submit to the state court

14

process. 28 C.R.F. § 16.22(a). Because they did not receive that approval, they cannot be held liable for refusing to cooperate with the Marin County Superior Court, which "had no jurisdiction or power to punish [them] for conforming to that law." *Swett,* 792 F.2d at 1451. In light of the "jurisdictional" nature of the *Touhy* doctrine, it is irrelevant whether the Department's regulations "ultimately . . . protect the requested testimony." *Id.* at 1452. Regardless of the merits of the arguments favoring disclosure, the state court had no authority to compel disclosure.

### 2. Federal sovereign immunity deprives the state court of jurisdiction to enforce the subpoenas and court order

Federal sovereign immunity also precludes the state court from enforcing the subpoenas or order against Petitioners.

A suit cannot be brought against the United States or its employees without an express congressional waiver of that immunity. *Block v. North Dakota*, 461 U.S. 273, 287 (1983); *Army & Airforce Exch. Serv. v. Sheehan*, 456 U.S. 728, 734 (1982). The general rule is that a suit against the United States is defined broadly as any action seeking a judgment that would: 1) "expend itself on the public treasury or domain;" 2) "interfere with the public administration;" or 3) "restrain the Government from acting" or "compel it to act." *Washington v. Udall*, 417 F.2d 1310, 1315 (9th Cir. 1969) (citing *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (citations omitted)). An action against a government employee constitutes a suit against the United States assuming it would have one of these effects. *See id.* at 1313-14. There are two recognized exceptions to the principle that sovereign immunity bars a suit against a government employee: 1) when an employee's actions exceed the scope of the statutory powers conferred upon him or her; and 2) when, despite acting within the scope of his or her authority, the employee was acting unconstitutionally. *Dugan*, 372 U.S. at 621-22.

Sovereign immunity bars the state court from compelling disclosure from Agent Linehan and AUSA Kim unless one of the exceptions to sovereign immunity applies. Real Party in Interest is seeking to "compel the government to act" by forcing DOJ employees Linehan and Kim to provide the information requested by defendant Hammonds. *See Dugan,* 372 U.S. at 620-21. Congress has not expressly waived sovereign immunity in cases in which state courts seek to compel government

employees to submit to subpoenas or court orders. This Court concludes that the sovereign immunity exceptions do not apply. There is no suggestion that Linehan and Kim exceeded the scope of their authority. Each refused to comply with the state court discovery process pursuant to the disclosure regulations that are binding upon them as DOJ employees. In regard to the second exception, the Fourth Circuit, when confronted with a virtually identical situation to the present matter, held that exception inapplicable as well. *Smith*, 159 F.3d at 880. This Court likewise concludes that this exception to sovereign immunity is inapplicable to the present matter. As the Ninth Circuit has previously stated, "'cases involving § 1442(a) removals of state subpoena proceedings against unwilling federal officers have held that sovereign immunity bars the enforcement of the subpoena.'" *In re Elko County Grand Jury*, 109 F.3d at 556 (quoting *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 317 (7th Cir. 1994)).

Accordingly, the Marin County Superior Court lacked jurisdiction to enforce its subpoenas or order against Linehan and Kim in light of sovereign immunity. This Court likewise acquires no jurisdiction to enforce the process at issue pursuant to the doctrine of derivative jurisdiction.

### 3. In light of the fact that this Court lacks jurisdiction to compel disclosure, Petitioners' Motion should be granted

Because this Court derives no jurisdiction from the state court to enforce the subpoenas or order against Linehan and Kim, in accordance with *In re Elko County Grand Jury*, the Court "will not examine the merits" of Real Party in Interest's arguments favoring disclosure. *In re Elko County Grand Jury*, 109 F.3d at 556; *see Swett,* 792 F.2d at 1452 (stating "a consideration of the merits" as to whether department validly withheld the information "can play no part in our decision."). The order and subpoenas were issued without jurisdiction to enforce them, and must be quashed. Accordingly, Petitioners' Motion is GRANTED. The state court subpoenas are quashed and the state court order is vacated.

Although the Ninth Circuit precedents in *In re Elko County Grand Jury* and *Swett* are distinguishable from the present matter in that they involve subpoenas removed from an underlying state *civil* action, the Second, Fourth, and Fifth Circuits have reached the same result that this Court reaches with regards to underlying criminal actions where an individual's Due Process rights may be

16

implicated by non-disclosure. *See In re Criminal Subpoena Duces Tecum Served on FBI SA*, 1998 U.S. App. Lexis 25779, *4 (10th Cir. October 13, 1998) (concluding that derivative jurisdiction bars court from enforcing subpoena issued to DOJ official in state criminal proceeding and stating defendants "constitutional claims are not ripe for adjudication because he has other remedies available") (citing *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986 (1984)); *United States v. Williams*, 170 F.3d 431, 433-34 (4th Cir. 1999) (refusing to carve out exception to sovereign immunity which thus barred state court, and district on removal, of jurisdiction to enforce state court subpoena and order compelling disclosure of FBI files in criminal prosecution); *Lousiana v. Sparks,* 978 F.2d 226, 236 (5th Cir. 1992) (holding sovereign immunity precluded court from enforcing state court subpoena compelling federal probation officer to testify in state criminal proceeding); *Kasi v. Angelone,* 300 F.3d 487, 504-06 (4th Cir. 2002) (holding that sovereign immunity barred court from forcing discovery of FBI files in state court criminal action); *Smith*, 159 F.3d at 881 (concluding that Court lacked jurisdiction to enforce subpoenas but declining to directly address issue of whether due process rights should trump sovereign immunity because even if that were the proper approach there was an insufficient basis for overcoming the government's interest in non-disclosure). *But see Florida v. Cohen*, 887 F.2d 1451, 1454-55 (11th Cir. 1989) (applying balancing test set forth in *Roviaro v. United States*, 353 U.S. 53 (1957) to determine whether federal employees validly refused to comply with subpoena in state court murder proceeding, but without addressing derivative jurisdiction or sovereign immunity). This is not to say that the DOJ's decision to withhold information from state courts are always unreviewable. "The appropriate means for challenging [a department's] decision under *Touhy* is an action under the Administrative Procedure Act [28 U.S.C. §§ 701 *et seq*.] in federal court." *In re Elko County Grand Jury*, 109 F.3d at 557 n.1; *see also Swett,* 792 F.2d at 1452 n.2; *Kasi,* 300 F.3d at 506; *Smith*, 159 F.3d at 881; *In re Criminal Subpoena*

*Duces Tecum Served on FBI SA*, 1998 U.S. App. Lexis 25779, *4; *Williams*, 170 F.3d at 434. However, in the current matter, limited as it is by derivative jurisdiction, the Motion must be granted.

## IV.  CONCLUSION

For the foregoing reasons, Petitioners' Motion is GRANTED.

IT IS SO ORDERED.

Dated:  August 22, 2007

_____
JOSEPH C. SPERO
United States Magistrate Judge